## *In re* MARINE AVENUE.

*(Supreme Court, General Term, Second Department.* February 11, 1889.)

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ASSESSMENTS—VALIDITY.

On appeal from the report of commissioners appointed to assess land-owners for street improvements it was contended that a certain lot not named in the report was not assessed. It appeared that such lot, which was numbered 167*a*, and intervened between another lot numbered 167 and the street, was separated from lot 167 by a merely fictitious line; and that lot 167 appeared in the table of assessments made by the commissioners. No affidavits were presented showing that lot 167*a* had not been assessed, and in the report of the commissioners it was stated that they had assessed lands extending to a distance of 350 feet on each side of the street. *Held,* that no error was shown.

Appeal from special term, Kings county.

Proceedings instituted on the application of John Mackay, a freeholder of the town of New Utrecht, for the opening of Marine avenue in said town. In a table of awards and assessments presented in the report of the opening commissioners, the numbers of the pieces of land required for the improvement or assessed for the benefit were given, and lot 167 was named in such table. On appeal by Richard Slater from an order confirming the report of the commissioners it was contended that lot 167*a*, which was not named in the table and intervenes between lot 167 and the street, should have been assessed.

Argued before DYKMAN and PRATT, JJ.

*Ayres & Walker,* for appellant.    *C. Furgueson,* for respondent.

PRATT, J.    It is a sufficient answer to appellant's contention that the point made now was not raised below when the report of the commissioners was presented for confirmation. The appellant did contend that there was an insufficiency and inequality in the assessments and awards which were duly answered by the commissioners and passed upon by the court, but the precise point that lot 167*a* was not assessed at all was not raised, and upon well-settled principles he is precluded from raising that question now. But he utterly fails to show that this lot was not assessed. Such a fact is not stated in any affidavit, while the commissioners state in their report that they "did assess the amount thereof together with the expenses attending such award and assessment upon the land and premises which, in their judgment, would be benefited by the opening of said avenue in proportion to the benefit accruing to them by reason thereof and extending to the distance of 350 feet on each side thereof." It is plain from this language that the lot marked 167*a* was assessed with lot 167, or rather the assessment was included in the latter lot as one piece of land, as in fact it was, the line upon the map dividing the same being imaginary.

The appellant, therefore, fails upon the facts presented to show any error committed by the commissioners in the matter of awards and assessments. Order affirmed. All concur.